UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINALD PERRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:09CV1465 TCM |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. After reviewing the petition, the Court finds that it is time-barred. As a result, the Court will order petitioner to show cause why the petition should not be summarily denied.

In January 1990, petitioner was convicted in the Circuit Court, City of St. Louis, of murder in the first degree and armed criminal action. See Perry v. State, 820 S.W.2d 570, 572 (Mo. App. E.D. 1991). Petitioner was sentenced to consecutive terms of life without parole and three years. Id. Petitioner sought, but was denied, post-conviction relief pursuant to Rule 29.15 of the Missouri Rules of Criminal Procedure. Id.

On April 26, 2006, petitioner brought a § 2254 habeas petition in this Court challenging the state court judgment. See Perry v. Dwyer, 4:06CV689 TCM (E.D. Mo.). The Court summarily dismissed the petition because it was time-barred by

several years. Id. Petitioner filed an untimely notice of appeal, and the United States Court of Appeals for the Eighth Circuit dismissed the appeal accordingly. See Perry v. Dwyer, No. 08-1622 (8th Cir. 2008). Thereafter, on April 20, 2009, petitioner filed an action, purportedly under several different statutes, including 28 U.S.C. § 2255. See Perry v. Steele, No. 4:09-CV-614-TCM (E.D.Mo.). In the petition, petitioner claimed that his trial and appellate counsel were ineffective, and petitioner sought to overturn the state court judgment. Because petitioner was seeking to challenge the state-court judgment of his conviction, the Court construed the petition as having been brought under § 2254. Finding the petition to be time-barred, and rejecting petitioner's claims for equitable tolling, the action was dismissed.

Petitioner has now filed another habeas action, purportedly under 28 U.S.C. § 2241, seeking to overturn his 1990 state-court conviction. In the instant petition, petitioner again claims that his trial and appellate counsel were ineffective. In addition, he claims he "was forced" to testify at trial. Because petitioner is presently incarcerated pursuant to a state-court judgment, and he is challenging his state court conviction, the court will liberally the petition as having been brought under § 2254.

The instant petition is barred by the one-year period of limitations set forth in 28 U.S.C. § 2244(d). As a result, the Court will order petitioner to show cause why the

petition should not be dismissed as time-barred. See <u>Day v. McDonough</u>, 547 U.S. 198 (2006).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, in writing and no later than twenty (20) days from the date of this Order, why the petition should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

Dated this 5th day of October, 2009.

UNITED STATES DISTRICT JUDGE